IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

OMAR HERNANDEZ CARRASQUILLO,

Plaintiff,

v.

CICA COLLECTION AGENCY, INC.,

Defendant.

CIVIL NO. 21-1506 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

The present case arises from a collection letter Defendant CICA Collection Agency ("Defendant" or "CICA") mailed to Plaintiff Omar Hernández Carrasquillo ("Plaintiff") attempting to collect a consumer debt he had with non-party Claro Puerto Rico ("Claro"). Plaintiff avers that, at the time CICA mailed the letter to him, CICA knew or should have known that Plaintiff was under the protection of the Bankruptcy Code, as he had filed a voluntary bankruptcy petition on September 29, 2019 which listed the Claro debt. Plaintiff alleges that CICA's single letter violated multiple provisions of the Fair Debt Practice Collection Act ("FDCPA"). Plaintiff also brings forth his claim in representation of an alleged class of similarly situated consumers.

Before the Court is Defendant's "Motion to Dismiss" (Docket No. 14) in which CICA avers that Plaintiff's Complaint must be dismissed as the violation of the FDCPA is precluded by the Bankruptcy Code and the allegations as to the remaining claims fail. CICA also contends that Plaintiff failed to meet the requirements to bring forth a class action.

Case 3:21-cv-01506-CVR   Document 37   Filed 11/16/22   Page 2 of 15

Omar Hernández Carrasquillo v. CICA Collection Agency, Inc.,
Opinion and Order
Civil 21-1506 (CVR)
Page 2
_____

Plaintiff opposed the request alleging that all claims have been properly pled. (Docket No. 21).

For the reasons explained below, the Court GRANTS Defendant's Motion to Dismiss. Accordingly, all claims filed by Plaintiff against CICA are DISMISSED WITH PREJUDICE.

## STANDARD

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "short and plain" statement needs only enough detail to provide a defendant with " 'fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007); see also Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement….' Specific facts are not necessary."). In order to show an entitlement to relief, a complaint must contain enough factual material "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." See Twombly, 550 U.S. at 555, 127 S.Ct. 1955.

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by Twombly and Iqbal. First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. Iqbal, 556 U.S. at 663. The court "need not accept as true legal conclusions from the complaint or 'naked assertion[s]'

devoid of 'further factual enhancement.'" Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009).

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." Iqbal, 556 U. S. at 670. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted or whether dismissal is appropriate. Id.

Ordinarily, a court may not consider documents that are outside of the complaint or not expressly incorporated therein, unless the motion is converted into one for summary judgment. Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir.2001); Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). On a motion to dismiss, however a court may take judicial notice of certain facts outside the pleadings, and doing so does not automatically convert a Rule 12(b)(6) motion to one for summary judgment. The First Circuit has recognized "a narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint.'" Watterson, 987 F.3d at 3. Pleadings, orders, and other papers filed with the court are considered matters of public record, and a court may take judicial notice of "records and reports of administrative bodies." Torrente-Leyva v. Capitol Sec. Police, Inc., Civil No. 10-1550, 2011 WL 5977468 at *2 (D.P.R. Nov. 29, 2011). When the complaint relies upon a document whose authenticity is not challenged, this document "merges into the pleadings" and the Court may properly consider it under a Rule 12(b)(6)

motion to dismiss. Alternative Energy, Inc., 267 F.3d at 33.

Based on this precedent, the Court will consider the document Plaintiff himself attached to his Complaint, that is, the letter in question and the official translation thereto. (Docket No. 35). The Court additionally takes judicial knowledge of the filings made before the Bankruptcy Court in Bankruptcy Case No. 19-05560 (MCF).

## LEGAL ANALYSIS

Defendant's first argument is that the Bankruptcy Act precludes Plaintiff's FDCPA claims. "Courts that have addressed the issue of preclusion of FDCPA claims based on an alleged violation of the bankruptcy [automatic] stay or discharge injunction are divided." In re: Román-Pérez, 527 B.R. 844, 862 (D.P.R. 2015) (citing to Simon v. FIA Card Servs., N.A., 732 F.3d, 259, 271, fn. 7 (3d Cir. 2013) where the Third Circuit listed decisions by United States District and Bankruptcy Courts holding that FDCPA claims were not precluded by the Bankruptcy Code versus the decisions holding they were). In the end, the Court does not reach this issue as it finds that Plaintiff's claims fail on the merits and must be dismissed.

Congress enacted the FDCPA to eliminate "the use of abusive, deceptive, and unfair debt collection practices." 15 U.S.C. §1692(a). The FDCPA not only forbids certain methods of debt collection but also requires debt collectors to provide consumers a notice outlining certain rights and information. In evaluating such a letter, a majority of the Circuits, including the First Circuit, have concluded that it should be viewed from the perspective of the hypothetical "unsophisticated" or "least sophisticated consumer." Pollard v. L. Off. of Mandy L. Spaulding, 766 F.3d 98, 103 (1st Cir. 2014). The standard protects "all consumers, including the inexperienced, the untrained and the credulous."

Case 3:21-cv-01506-CVR   Document 37   Filed 11/16/22   Page 5 of 15

Omar Hernández Carrasquillo v. CICA Collection Agency, Inc.,
Opinion and Order
Civil 21-1506 (CVR)
Page 5
_____

Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir. 1997); Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993). The standard is an objective one, which preserves an element of reasonableness.  A debt collector will not be held liable based on an individual consumer's "chimerical or farfetched reading of a collection letter." See Taylor, 103 F.3d at 1236.

In conducting the requisite inquiry for this type of case, the Court must examine the entire collection letter.  Pollard, 766 F.3d  at 104.  The letter in question reads as follows:

> You have an account with my client, CLARO PUERTO RICO, which has an [outstanding] balance of $872.60. This balance is not final, since it may accrue interest, surcharges and/or penalties.  Our company is willing to serve as an intermediary between you and my client. Keep in mind that you may needs their services again in the future.
>
> We are a collection agency, this is an attempt to collect a debt a debt and we will do everything that is legally possible to collect it, any information that we obtain will be used for that purpose. Unless you, the consumer, file an objection regarding the validity of this debt or part of (sic) same within thirty (30) days of receiving this letter, we will assume that it is correct. If you notify us in writing within the period of thirty (30) days that the debt or any portion of it being disputed, we will obtain a verification of the debt or a copy of any judgment against you and a copy of the verification or judgment will be sent to you by mail.  If you were to ask us in writing, within the period of thirty (30) days, for the address of the original creditor, in the event that the current creditor is not the original creditor, the agency will provide you with the requested information.
>
> Additionally, the debt is liquid, due and payable, my client is fully entitled to initiate legal action against you for the collection of money, if CLARO PUERTO RICO were to decide to do so.  I remind you that, if we were to go to court to collect the debt, you may be ordered to pay costs, expenses and attorney's fees if the court were to determine it.

You may contact me at the telephone numbers stated above, our office hours are 8:00 AM to 5:00 PM from Monday to Friday.

(Docket No. 35, Exhibit 1).

### A. 15 U.S.C. §1962e(2)(A), §1692e(5) and §1692e(10).

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C.A. § 1692e. Among others, violations of this statute include: false representation of the character, amount, or legal status of any debt; the threat to take any action that cannot legally be taken or that is not intended to be taken; and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C.A. § 1692e(2)(A), §1692e(5) and §1692e(10).

Plaintiff posits that Defendant's letter violated these three subparts of the statute, because: 1) the demand letter itself was mailed; 2) the letter indicated that the debt was due and payable; and 3) the letter indicated that Claro was within its legal rights to commence a lawsuit against Plaintiff. Plaintiff contends that all these claims are false because he was protected by the bankruptcy filing at the time.

CICA's defense is simple, to wit, it admits it mailed the letter, yet Claro never notified CICA of Plaintiff's bankruptcy claims, and likewise CICA never received any notice from the Bankruptcy Court. Thus, CICA lacked knowledge and intent. Plaintiff argues that intent is irrelevant, and that a violation may occur even if the acts were unintentional.

The case of Hubbard v. National Bond and Collection Associates, Inc., 126 B.R. 422 (D. Del.) *aff'd*, 947 F.2d 935 (3d Cir. 1991) is instructive in this regard, with remarkably

similar facts to the present case. In Hubbard, National Bond and Collection Associates ("National Bond"), a debt collector, mailed plaintiff Cassie Hubbard a collection notice. At that time, National Bond was unaware that she had filed for bankruptcy. Shortly thereafter, Ms. Hubbard called National Bond and informed it that she had filed for bankruptcy. National Bond made no further collection efforts and ceased all communication with her. She then sued under the FDCPA.

The Court found that National Bond could not be held liable under §§ 1692c(a)(2), 1692e(2)(A), (5), or (10) of the FDCPA because National Bond had no knowledge of her previous bankruptcy. "A debt collector's unknowing violation of an automatic stay does not transform an otherwise accurate collection letter into a 'false representation' within the meaning of § 1692e"; on the other hand, a "false representation" under § 1692e(2)(A) requires that the misrepresentation be intentional." The court found that the provision prohibiting debt collectors from using false or misleading representation as to the collection of any debt was not intended to penalize debt collectors for failing to discover a debtor's bankruptcy filing, because it was intended to prohibit only knowing or intentional conduct by debt collectors.

This reasoning is directly applicable to the present case. The error in question was not caused by CICA, but rather by Claro. The Court takes judicial notice of Bankruptcy Case No. 19-05560-MCF and its filings, which established that Claro failed to notify CICA of the bankruptcy filing, and CICA's violation was thus not intentional. Without notification by Claro or the Bankruptcy Court there is simply no way CICA could know of the bankruptcy filing. Therefore, there was no knowledge or intent by CICA. See

Hubbard, 126 B.R. 427 ("1692e was intended to prohibit only knowing or intentional misrepresentations by debt collectors").

For these reasons, the claims brought against CICA under 15 U.S.C. § 1962e(2)(A), § 1692e(5) and § 1692e(10) are DISMISSED.

### B. 15 U.S.C. § 1692c(a)(2).

This section provides that a debt collector violates the FDCPA "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of or can readily ascertain such attorney's name and address." 15 U.S.C. §1692c(a)(2).

Plaintiff alleges that, at the time CICA mailed the letter to Plaintiff, CICA knew or should have known that Plaintiff was represented by counsel as part of his bankruptcy claim. For this reason, he argues CICA was forbidden from communicating with him.

In turn, CICA's defense for this claim is the same, to wit, that CICA was never notified of the filing of the bankruptcy petition. The Court again takes judicial notice of the filings in Bankruptcy Case No. 19-05560 (MCF).

The Court agrees with Defendant, and for the same reasons explained in the previous section, finds Plaintiff's claims unavailing. There cannot be liability by Defendant who did not know of the bankruptcy proceeding, a fact which has been made clear by the filings in the bankruptcy court. See Hubbard, 126 B.R. at 427 ("Section 1692c(a)(2) requires 'actual knowledge' and the plaintiff has not provided any facts that suggest the defendant actually knew Ms. Hubbard was represented by the UAW Legal Services Plan before the collection letter was sent").

Consequently, the claim brought against CICA under section 1692c(a)(2) is DISMISSED.

**C. 15 U.S.C. § 1692g(a)(2), (a)(3) and (a)(4).**

Section 1692g(a)(2) states that the debt collector must provide the name of the creditor to whom the debt is owed. 15 U.S.C. § 1692g(a)(2). Section 1692g(a)(3) requires the debt collector to send the consumer a written statement indicating that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector". 15 U.S.C. § 1692g(a)(3). Section 1692g(a)(4), in turn, requires the debt collector to include a statement that "if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt ...." . 15 U.S.C. § 1692g(a)(4).

At the outset, the Court notes that the validation procedure of §1692g, as outlined in Hubbard, was designed to prevent precisely the issue presented in case. "After the validation procedure of §1692g, a debt collector would have actual knowledge of the facts relevant to a particular debt and could be held liable under the FDCPA for any further debt collection efforts that violate the letter of the act. **Therefore, under § 1692g, the debtor bears a responsibility to notify the debt collector of facts which the debt collector would not otherwise be aware**. One such fact would be the existence of a bankruptcy. Unaware that Cassie Hubbard had filed for bankruptcy, National Bond tried to collect a $957.15 debt from her. The collection notice contained the required written statement that Ms. Hubbard had a right to contest the debt. Ms. Hubbard promptly contacted National Bond, contested the debt, and notified it that she had filed

for bankruptcy. At this point all debt collection efforts by the defendant ceased. The statutory scheme worked". Hubbard, 126 B.R. 428. (emphasis added). In the case at bar, Plaintiff instead chose to file this lawsuit. The Court further notes that Plaintiff's counsel here, who was also Plaintiff's counsel in the bankruptcy claim, was therefore on notice since at least January 2022 that Claro had admitted its failure to notify CICA of the bankruptcy filing.

Plaintiff avers that the letter dated October 19, 2020 failed to clearly convey to Plaintiff the name of the creditor to whom the debt was owed because it referred to Claro as the client and not the creditor. Plaintiff also alleges the letter did not clearly and effectively advise him about the thirty-day window to dispute the debt.

Defendant's argument is that the collection letter was very clear as to who was the creditor, even though it does not specifically use the word "creditor" but rather "client." It also argues that the letter clearly indicated that Plaintiff had thirty (30) days, from the receipt of the letter, to dispute the validity of the debt, and outlined what would happen should he dispute the debt and what would happen if he failed to do so. Defendant argues that, pursuant to applicable caselaw, even the "least sophisticated consumer" would clearly understand the terms of notice. The Court agrees.

The statute requires the notice to indicate "the name of the creditor to whom the debt is owed." 15 U. S. C. sec. 21692g(a). It does not require, as Plaintiff claims, that it specifically state that the party owed the debt *is* the creditor, and Plaintiff can point to no case that so holds. The statute merely requires that the creditor be named.

The letter in question stated: "You have an account with my client CLARO PUERTO RICO, which has a balance of $872.60", and further, "[w]e are a collection

Case 3:21-cv-01506-CVR   Document 37   Filed 11/16/22   Page 11 of 15

Omar Hernández Carrasquillo v. CICA Collection Agency, Inc.,
Opinion and Order
Civil 21-1506 (CVR)
Page 11
_____

agency, we are trying to collect a debt."  Even the "least sophisticated consumer" could discern that Claro is the creditor, and that Plaintiff, who had an account with Claro, owed $872.60 to that entity.

Plaintiff points to Bryan v. Credit Control, LLC, 954 F.3d 576, 580 (2d Cir. 2020) for the proposition that a collection letter that says only "client" without identifying the creditor, as the debt collector's client, violates the statute.  The issue in Bryan, however, was very different from the present case.  The Bryan letter disclosed the name of the retailer that serviced the credit card but not the financial institution that owned the debt.  The letter confusingly mentioned Kohl's Department Stores Inc. as the "client" and Chase Bank USA N.A. as the "original credit grantor" but did not disclose that a third party, Capital One, owned the debt.  That is far from being the case here.  The letter in question mentions *only* Claro as the client, who specifically says is owed money by Plaintiff, and that CICA is attempting to collect that debt.  The required information was conveyed, and there can be no confusion about who the creditor was where a single entity, Claro, was named in the letter.  Bryan is therefore inapposite.

Regarding the violations to 1692g(a)(3) and (4), Plaintiff spills a great deal of ink on this clear matter.  Plaintiff posits that the letter was somehow unclear as to the term "object" and the thirty-day window to pursue such an objection.  Plaintiff attempts to create an issue as to the tense in which the letter was drafted, which is non-sensical, and insisting that the least sophisticated consumer will not understand what "objecting to" a claim means because it conveys legal action.  He argues that he is only required to "dispute" the claim, not object to it, and that this language somehow creates a heightened standard.  Again, the Court cannot agree.

Plaintiff's convenient word play is not logical. "An absurd interpretation is one that 'defies rationality or renders the statute nonsensical and superfluous.'" Encompass Ins. Co. v. Stone Mansion Rest. Inc., 902 F.3d 147, 152 (3d Cir. 2018). Any layperson, even unsophisticated, can understand what it means to object or present an objection to a debt, which is what the letter specifically called for. Black's Law Dictionary states that to object means "a formal statement opposing something that has occurred"; a dispute means "a conflict or controversy."[1] "Object" would therefore seem to be a more exact word to strictly comply with the statute in question. In any event, as applied to the facts of this case, Plaintiff cannot seriously argue that both words are not one and the same and that a lay person would not understand what "object to" means. Plaintiff's rather farfetched reading of the statute is nonsensical, and the Court cannot give credence to his overtly and unnecessarily strict reading of the statute.

The letter also clearly stated that the objection must be made within thirty days of receipt of the letter ("A menos que usted, el consumidor, dentro de treinta dias a partir del recibo de esta carta, haya presentado objeción sobre la validez de esta deuda…" "Unless you, the consumer, file an objection regarding the validity of this debt or part of (sic) same within thirty (30) days of receiving this letter…"). This language is clear and Plaintiff has failed to cite any case that has found the particular language in question to be unclear. In fact, this is the exact language that 15 U.S.C. § 1692g(a)(4) requires.

As such, Plaintiff's arguments lack merit and the claims filed against CICA under this section are DISMISSED.

---

[1] Object, Black's Law Dictionary (10th ed. 2014).

### D. 15 U.S.C. §1692e(11).

Plaintiff raises a separate claim under Section 1692e(11), alleging that Defendant violated this section which requires among other things, that the notice indicate that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose. Plaintiff argues that, when the letter indicated that CICA was a debt collector, this was "overshadowed" by its additional assertion that it was acting as an intermediary on behalf of Plaintiff and that this created confusion, violating section 1692e. Plaintiff also avers that this statement was false, as CICA was no such intermediary.

Defendant posits that the letter is quite clear in that it was a collection agency attempting to collect a debt. The Court agrees with Defendant.

"Overshadowing is based upon the visual characteristics of a collection letter, such as when a letter demands payment in large, attention-grabbing type and relegates the validation notice to fine or otherwise hard-to-read print." McMurray v ProCollect, Inc, 687 F.3d 665, 671 (5th Cir. 2012); Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir. 1997). That was not the case with CICA's letter, as it clearly indicated that: (1) it was a collection agency, (2) that it was trying to collect a debt and, (3) that it was going to do everything legally possible for the collection of said debt, and any information obtained was going to be used for that purpose. There was no important information in small print. The letter also stated that CICA was representing its client Claro and that Plaintiff had an account with said entity with a balance of $872.60. The header for the letter also indicated in its letterhead that it was sent by "CICA COLLECTION AGENCY, INC." The Court fails to understand what exactly was unclear about these statements.

In the end, a collection letter is confusing if, after reading it, the unsophisticated consumer would be left unsure of her right to dispute the debt and request information concerning the original creditor. Pollard, 766 F.3d at 104; Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir.1996). The Court finds this was not situation in the present case, as the letter clearly outlined all these factors.

The fact that CICA added that as a third party, it could act as an intermediary between Claro and Plaintiff does not and cannot change the fact that the letter clearly stated it was a collection agency collecting a debt on behalf of Claro, and indicated the amount owed. The fact that the letter also specifically detailed the steps Plaintiff had to undergo to object to the debt is further indication that it was patently clear that CICA was a debt collector.

Plaintiff's other argument, that CICA violated the statute when it indicated that it could be an intermediary between Plaintiff and Claro, and this statement was false because it was an agent for both parties, also finds no ground. Citing to an older edition of the Black's Law Dictionary,[2] Plaintiff argues that an intermediary is a "mandatary (agent) of both" parties [3] and this makes CICA's claim false. However, the newer, tenth edition of the Black's Law Dictionary defines an intermediary, not as an agent of both parties, but rather as a "mediator or go between; a third-party negotiator". (Intermediary, Black's Law Dictionary, 10th ed. 2014). A third-party negotiator, by its very definition and virtue of being *a third party*, cannot be considered an agent of both. An intermediary is precisely what CICA was, a type of mediator between Plaintiff and Claro. Again, this is

---

[2] The second edition, printed in 1995.
[3] Docket No. 21, p. 34.

language that even the most unsophisticated consumer can understand. There is no confusion or falsity.

For these reasons, the claim filed against CICA under 15 U.S.C. § 1692e(11) is DISMISSED.

**E. Class action demand.**

As previously explained, the Court has dismissed all claims against CICA on the merits. Thus, there is no need for the Court to reach this issue as it is MOOT.

## CONCLUSION

When a "'statute's language is plain, the sole function of the courts'—at least where the disposition required by the text is not absurd—'is to enforce it according to its terms.'" Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6, 120 S.Ct. 1942 (2000).

The Court has found no violation to the FDCPA in the present case for the above-mentioned reasons.

As such, Defendant's Motion to Dismiss (Docket No. 14) is GRANTED and this case is DISMISSED WITH PREJUDICE.

Judgment to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 16th day of November 2022.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES MAGISTRATE JUDGE